8284 CORPORATION, Plaintiff, *v.* EUGENE L. GAREY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 20, 1930.

*Ruth Ranson*, for the plaintiff.

*Gary, Crowley & Beatty*, for the defendant.

CHILVERS, J.   The defendant was a tenant in an apartment house under a written lease from the plaintiff's assignor, Orinoco Realty Company, Inc., as landlord, in which there was a provision that " if the demised premises be in a building where the landlord shall desire to supply electric current to the tenant, the tenant agrees to use no other current than that supplied by the landlord, and to pay for current supplied by the landlord the same rate as is charged by public service corporations having conduits in front of the said building, provided, however, the landlord shall furnish or cause to be furnished suitable meters and other necessary arrangements similar to those furnished by such public service corporations."

After the expiration of the term, the tenant was in default in the payment of charges for electric current, which, under the lease, was

made and denominated additional rent, and, after an order for partial judgment on other rent and a severance, the sole question is whether the plaintiff may recover these charges.

The landlord is a domestic business corporation. It was not organized under the Transportation Corporations Law, and is not subject to the regulation provided in the Public Service Commission Law.

Under article 2 of the Transportation Corporations Law of 1926 (Laws of 1926, chap. 762, § 10) a corporation organized to acquire and supply electricity for lighting public and private buildings is an electric corporation and is to be incorporated, therefore, under that law. Under section 5 of the Stock Corporation Law of 1923 (Laws of 1923, chap. 787) a company may be incorporated " for any lawful business purpose," provided it is not a corporation provided for under the " transportation corporations law."

In the light of the scheme intended by the Transportation Corporations Law and the Public Service Commission Law, it seems to me that it is not a lawful business purpose for any corporation, not incorporated under the former and, therefore, not subject to the regulation provided in the latter, to do an act which, had it been properly incorporated, would be under such regulation. The " and " in the Transportation Corporations Law should, for reasons of public policy, be disjunctive, so that the supplying itself becomes unlawful without going into how the current was acquired, and the prohibition is against the supply to either public or private buildings.

Under section 71 of the Public Service Commission Law (as amd. by Laws of 1921, chap. 134), for instance, the Commission must investigate a complaint presented by twenty-five customers or purchasers. The tenants of a large apartment house, in many cases more than twenty-five, who do not purchase current from a public service company, but who buy it from and are billed for it by the landlord, are deprived of the benefits of this section.

I hold, therefore, that a contract for the supplying of electric current by a corporation not subject to the regulation of the provisions of the Public Service Commission Law, is *ultra vires*, against public policy, and void.

The defendant, therefore, is entitled to judgment dismissing the complaint as to the electricity current charges.